| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | TENTH JUDICIAL CIRCUIT |
| | C.A. No. 2016-CP-04-_____ |
| Tammy Campbell | |
| Plaintiff, | **COMPLAINT** |
| v. | **(Jury Trial Demanded)** |
| Anderson County Wastewater Dept., and Derrick Singleton. | |
| Defendants. | |

COMES NOW Plaintiff Tammy Campbell (hereinafter "Plaintiff"), by and through her attorneys, complaining of Defendants Anderson County Wastewater Department and Derrick Singleton (hereinafter the "Defendants"), alleges as follows:

### Parties and Jurisdiction

1. Plaintiff Tammy Campbell is a citizen and resident of the State of South Carolina and resides in Anderson County. Plaintiff is a female.

2. Upon information and belief, Defendant Anderson County Wastewater Department (hereinafter "ACWD") is a governmental entity that is owned and operated by Anderson County, South Carolina, has an office located at 1500 Dalrymple Road, Anderson, South Carolina 29621 (hereinafter the "Office") from which it conducts business in Anderson County, South Carolina, and engaged in certain tortious conduct which is the subject of this matter within the State of South Carolina.

Page **1** of **9**

3. Upon information and belief, ACWD employs, and at the time of Plaintiff's employment, employed fifteen (15) or more employees.

4. Upon information and belief, Defendant Derrick Singleton (hereinafter "Singleton") is a citizen and resident of the State of South Carolina, resides in Anderson County, and at all times relevant hereto was an employee of ACWD.

5. This action concerns Plaintiff's employment by ACWD and the discrimination, harassment, and retaliation Plaintiff endured from ACWD management and specifically Singleton during the time of Plaintiff's employment and which subsequently, after complaints from Plaintiff, resulted in her termination.

6. All parties, matters, and things herein are within the jurisdiction of this Court, and venue is proper in Anderson County, South Carolina.

## Factual Background

7. Plaintiffs incorporate all previous allegations as if set forth fully hereunder.

8. On or about December 1, 2013, Plaintiff began her employment with ACWD in their Office as a data entry clerk providing clerical support under the supervision of Singleton who was employed as a supervisor for ACWD. Plaintiff's employment at the time of her hire and at all times relevant and subsequent thereto was non-temporary part-time.

9. Prior to her employment at ACWD, Plaintiff had previous work experience that was suitable for the position for which she was hired at ACWD.

10. While working under the supervision of Singleton, Plaintiff had no disciplinary issues with any ACWD employees, officers, or managers, received no reprimands, and had no disciplinary actions instituted against her.

11. While working for ACWD for over a year and a half as a model employee without any negative marks on her record, Plaintiff was subjected to frequent and repeated sexual harassment by Singleton in the form of unwelcome sexual advances, derogatory comments of a crude, sexist, and sexual nature, uncomfortable and inappropriate leering and staring, sexually suggestive grunts, and the presentation of ear plugs rendered into the shape of penises.

12. Plaintiff's coworkers and ACWD's management were aware of Singleton's sexual harassment and condoned the same by failing and/or refusing to take corrective measures to ensure a safe and harassment-free working environment for ACWD's female employees and specifically Plaintiff.

13. On many occasions, Plaintiff thought about making a formal complaint to Denise Holly and Phyllis McAlister, ACWD's human resources officer and manager, respectively, concerning Singleton's sexual harassment; however, out of fear of losing her job or other forms of retaliation Plaintiff attempted to do her best to ignore the problem and go about her daily business.

14. In or about June of 2015, after repeatedly rebuffing Singleton's sexual advances and harassment, Singleton retaliated against Plaintiff by reducing Plaintiff's role and responsibilities in the Office in advance of ultimately terminating Plaintiff from her employment for refusing, rebuffing, and reporting Singleton's sexual harassment.

15. Due to the frequency and relentlessness of Singleton's sexual harassment and Singleton's retaliation against Plaintiff for her refusal, rebuffing, and reporting of Singleton's sexual harassment, Plaintiff ultimately reported the matter to Holly in an anonymous phone call to

Holly on or about July 1, 2015. Because Plaintiff was so disturbed and disgusted by Singleton's conduct and the hostile and offensive environment maintained by ACWD, Plaintiff hoped that Holly would take corrective measures to ensure a safe and harassment-free working environment for Plaintiff and ACWD's other female employees. Plaintiff made the July 1, 2015 phone call anonymously, out of fear of losing her job.

16. Promptly following the Plaintiff's reporting the matter to Holly in confidence, Singleton purported to terminate Plaintiff's employment on or about July 9, 2015.

17. Immediately following Plaintiff's interaction with Singleton wherein Singleton purportedly terminated Plaintiff, Plaintiff returned to Holly's office on or about July 9, 2015 to file a formal complaint against Singleton and to request another job in a different department away from Singleton.

18. While at Holly's office, Plaintiff met with Holly and McAllister to discuss Singleton's sexual harassment and Holly and McAllister assured Plaintiff that there would be a complete investigation regarding the matter.

19. Despite Holly and McAllister's assurances, Plaintiff never received any findings from their alleged investigation and, in response to Plaintiff's complaint to Holly, Plaintiff was retaliated against and terminated from her employment at ACWD without cause on or about July 9, 2015.

20. In light of the timing and circumstances of Plaintiff's termination, it is clear that Plaintiff was terminated by ACWD and Singleton in retaliation for (i) refusing and rebuffing Singleton's sexual harassment and (ii) reporting Singleton's sexual harassment to Holly.

21. As a direct result of Defendants' acts and/or omissions, Plaintiff has suffered psychological injuries, lost wages, physical and mental anguish, and is entitled to a punitive and compensatory damages, attorney's fees and costs, and such other and further relief as is deemed just and proper.

### Causes of Action

### FOR A FIRST CAUSE OF ACTION
#### (Outrage as to all Defendants)

22. Plaintiff incorporates all previous allegations as if set forth fully hereunder.

23. By making disparaging remarks about her gender and subjecting Plaintiff to repeated sexual advances and harassment and by retaliating against Plaintiff for refusing, rebuffing, and reporting Singleton's behavior, Singleton, as an employee and agent of ACWD, intentionally and recklessly inflicted severe emotional distress on Plaintiff.

24. The derogatory comments regarding gender and sexuality, unwelcome sexual advances, and repeated episodes of offensive and demeaning sexual harassment to which Singleton subjected Plaintiff on nearly a daily basis created an increasingly hostile, offensive, and stressful environment.

25. The continuous, hostile, and offensive nature of the work environment created by the Singleton's relentless sexual harassment, and which was allowed to persist by ACWD, was of such an extreme and outrageous nature that it exceeded all possible bounds of decency and was of such a severe nature that no reasonable person could be expected to endure it.

26. As a direct result of Defendants' acts and/or omissions, Plaintiff has suffered psychological injuries, lost wages, physical and mental anguish, and is entitled to a punitive

and compensatory damages, attorney's fees and costs, and such other and further relief as is deemed just and proper.

## FOR A SECOND CAUSE OF ACTION
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1))

27. Plaintiff incorporates all previous allegations as if set forth fully hereunder.

28. As previously stated, Plaintiff is a female.

29. During Plaintiff's employment with ACWD, she never received any poor performance reviews or any disciplinary action.

30. During the time Plaintiff worked at the Office under Singleton, Singleton harassed Plaintiff on a continuous basis, making unwelcome sexual advances, crude sexual innuendos, and derogatory and sexualized comments and actions of an offensive nature directed at Plaintiff because of her gender.

31. On a number of occasions, Plaintiff made statements to Singleton and her co-workers at the Office indicating that Singleton's sexual harassment was unwelcome, and that she found Singleton's actions demeaning, derogatory, and offensive.

32. Despite Plaintiff's attempts to cope with Singleton's relentless discrimination and harassment, the degree and pervasiveness of the sexual harassment and discrimination that was directed at Plaintiff and other female workers at the Office was so extensive that it created an abusive, hostile, and offensive working environment.

33. Despite Plaintiff's requests that Singleton cease the sexual harassment in which he engaged, Singleton continued to sexually harass Plaintiff throughout her employment at ACWD and ultimately retaliated against Plaintiff by reducing her role and responsibilities

and then terminating her refusal, rebuffing, and reporting of Singleton's harassment. Due to Singleton's continuing sexual harassment and Singleton's initial retaliation against Plaintiff, Plaintiff reported Singleton's behavior to Holly, at which time Singleton was not punished and Plaintiff's retaliatory termination was instead confirmed and finalized.

34. As a direct result of Defendants' acts and/or omissions, Plaintiff has suffered psychological injuries, lost wages, physical and mental anguish, and is entitled to a punitive and compensatory damages, attorney's fees and costs, and such other and further relief as is deemed just and proper.

## FOR A SECOND CAUSE OF ACTION
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a))

35. Plaintiff incorporates all previous allegations as if set forth fully hereunder.

36. As previously alleged, Singleton engaged in continuous and pervasive sexual harassment of Plaintiff and other female employees, making unwelcome sexual advances, derogatory comments of a crude, sexist, and sexual nature, uncomfortably and inappropriately leering and staring, making sexually suggestive grunts, and presenting Plaintiff with ear plugs rendered into the shape of penises.

37. Plaintiff attempted to handle the sexual harassment perpetrated by Singleton by telling other coworkers about the harassment and discussing the behavior with Singleton and requesting that he stop making unwelcome sexual advances, derogatory comments of a crude, sexist, and sexual nature, uncomfortably and inappropriately leering and staring, making sexually suggestive grunts, and making other sexually inappropriate acts. Singleton

ignored and disregarded Plaintiff's request and, as evidenced by Singleton's continuing harassment, refused to change his behavior.

38. Given Singleton's continuing sexual harassment, Plaintiff reported Singleton's sexual harassment to Holly and McAllister, the Human Resources officer and manager, respectively, for the ACWD Office in which Plaintiff worked.

39. ACWD did not take any action against Singleton for his sexual harassment of Plaintiff and other females, but rather in response to Plaintiff's complaint ACWD confirmed and finalized the retaliatory termination of Plaintiff that was initiated by Singleton as a result of Plaintiff refusing, rebuffing, and reporting Singleton's sexual harassment of her.

40. As a direct result of Defendants' acts and/or omissions, Plaintiff has suffered psychological injuries, lost wages, physical and mental anguish, and is entitled to a punitive and compensatory damages, attorney's fees and costs, and such other and further relief as is deemed just and proper.

WHEREFORE, Plaintiff respectfully prays for the following relief:

    A. Trial by jury;

    B. Judgment for Plaintiff and against Defendants for actual and other compensatory damages, including, but not limited to, emotional distress, as a jury may determine appropriate;

    C. Punitive damages in an amount which is reasonably and rationally related to the egregiousness of Defendants' conduct, and which is in the public interest;

    D. Pre- and Post-judgment interest in accordance with South Carolina law; and

E. Such other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted,

BRUMBACK & LANGLEY, LLC

*/s/ Christopher T. Brumback*

Christopher T. Brumback / S.C. Bar No. 75410
John H. Scully / S.C. Bar No. 100744
1 Augusta Street, Suite 301-D
Greenville, SC 29601
(864) 414-9097 (Phone)
(866) 728-1205 (Fax)
chris@brumbacklangley.com
john@brumbacklangley.com
Attorneys for Plaintiff Tammy Campbell

September 13, 2016
Greenville, South Carolina

COUNTY OF Anderson )
) IN THE COURT OF COMMON PLEAS
Tammy Campbell )
_____ )
Plaintiff(s) ) **CIVIL ACTION COVERSHEET**
)
vs. ) 2016 -CP- 04- 02077
)
Anderson County Wastewater Dept., and )
Derrick Singleton )
_____ Defendant(s) )
Submitted By: Christopher Brumback       SC Bar #: 75410
Address: 1 Augusta St, Suite 301          Telephone #: 864-414-9097
Greenville, SC 29601                       Fax #: 866-728-1205
                                           Other:
                                           E-mail: chris@brumbacklangley.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (*Check all that apply*)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.     ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts -- Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☒ Employment Discrim (170) | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Other (199) | | ☐ Other (399) | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

Submitting Party Signature: Christopher T. Brumback       Date: 9/13/16

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | TENTH JUDICIAL CIRCUIT |
| Tammy Campbell | C.A. No. 2016-CP-04-_____ |
| Plaintiff, | |
| v. | **SUMMONS** |
| Anderson County Wastewater Dept. and Derrick Singleton. | |
| Defendants. | |

**TO THE DEFENDANTS: ANDERSON COUNTY WASTEWATER DEPT. AND DERRICK SINGLETON**

YOU ARE HEREBY SUMMONED and required to answer the **COMPLAINT** in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your Answer to the Complaint upon the subscriber at **1 Augusta Street, Suite 301D, Greenville, South Carolina, 29601**, within thirty (30) days after the service thereof, exclusive of the day of such service. If you fail to answer the Complaint within this thirty (30) day period, the Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment will be taken against you by default.

BRUMBACK & LANGLEY, LLC

_____
Christopher T. Brumback, S.C. Bar # 75410
Spencer D. Langley, S.C. Bar #: 77686
John H. Scully, S.C. Bar # 100744
Brumback & Langley, LLC
1 Augusta Street, Suite 301D
Greenville, SC 29601
Phone: (864) 414-9097
Fax:    (866) 728-1205
Email: chris@brumbacklangley.com
Attorneys for Plaintiff Tammy Campbell

September 13, 2016
Greenville, South Carolina